Gaston, J.
 

 This bill purports to have been brought against William E-Anderson and the heirs of William Gillies
 
 *412
 
 deceased, and the heirs of James Freeland, deceased, but no persons are named as being such heirs, nor are any such persons in any manner brought before the court. It must be regarded, therefore, simply as a bill against Anderson.
 

 The object of the bill was to enjoin Anderson from suing out execution upon a judgment, which he, as administrator of William Gillies, the surviving partner of William Gillies and James Freeland, had obtained against the plaintiff, upon two bonds, which the plaintiffhad executed to said Freeland and Gillies.
 

 The substance of the equity alleged in the bill is, that these bonds were given as the consideration of a tract of land, of which one Isaac Bracken was then in possession, and which had been purchased by Freeland & Gillies at an execation sale; that, at the time of the contract, Freeland
 
 &
 
 Gillies bound themselves to eject Bracken by process of law, and, when so ejected, to put the plaintiff into possession and give him a valid title for
 
 the land
 
 — that Freeland & Gillies brought an ejectment suit for this purpose and
 
 failed
 
 — that the plaintiff himself then entered upon the land, and was sued by Bracken for the trespass, and compelled to pay a heavy amount of damages and costs — but that in 1820 he entered again, unaided by Freeland & Gillies, and has remained in the undisturbed possession ever since — that both Freeland and Gillies have died without any communication between them and the plaintiff, since his contract — and that, after their deaths, the defendant, as administrator of the surviving partner, brought suit upon the bonds, and obtained a judgment. Upon this bill an injunction issued as prayed for.
 

 The defendant answered the bill. His answer stated, that the contract between the plaintiff and Freeland & Gillies was, that the plaintiff should take their title, such as it was, and recover the land, if he could, at his own risk and costs— that Freeland & Gillies made him a written conveyance— that it was understood that the plaintiff should have a reasonable time to try whether he could not eject Bracken before payment of the notes should be pressed. — that accordingly the plaintiff did bring an action of ejectment; and this was
 
 *413
 
 brought on the demises of Freeland <fc Gillies, because, at the time of the conveyance to the plaintiff, Bracken was in adverse possession; that in the said action of ejectment he failed, and to prevent the execution for the costs, which amounted to upwards of three hundred dollars being levied upon the lands of Freeland & Gillies, they being the parties liable of record, the entire amount of these costs was paid off by them — and that afterwards the plaintiff got into possession under his purchase from Freeland & Gillies, and Bracken abandoned further claim thereto. Upon the coming in of this answer, the injunction was dissolved and the plaintiff held over his bill as an original.
 

 It is now brought on to a hearing. Not a proof of any kind has been produced on the part of the plaintiff, while on the part of the defendant the whole of the case as above stated’ by them is distinctly proved, except that it is left in some doubt whether the plaintiff took in fact a conveyance from Freeland & Gillies, or rested only upon their agreement to make him a conveyance.
 

 We see no ground on which the plaintiff can hope for relief. If the consideration for which the bonds were given be against law —he had an opportunity of making that defence at law, and has no claims to the interposition of a Court of. Equity on that account.
 

 He has substantially obtained all that he bargained for; and havingnowhad undisturbed possession ofthe land for 21 years, under his'bargain, which amounts to a-title at law, can with an ill grace ask to be exonerated from the payment of the price which he stipulated to pay. If he has not obtained a conveyance from Freeland & Gillies, and wants one, he should at least have shewn that he requested such a conveyance from them or one of them, or from their heirs since their deaths, or should now seek it of those, who have the power to execute the conveyance.
 

 Ter Curiam, Bill dismissed with costs.